IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger

Civil Action No. 13-cv-03231-MSK-NYW

ANTHONY MANCINI, JR.;
CHRISTINA MANCINI,

    Plaintiffs,

v.

BENIHANA NATIONAL CORP., d/b/a Benihana of Tokyo;
BENIHANA BROOMFIELD CORP.,
GREENE AND GREENE II, LLC, and
VARGAS PROPERTY SERVICES, INC.,

    Defendants.

---

ORDER CERTIFYING QUESTION OF STATE LAW TO
THE COLORADO SUPREME COURT

---

**THIS MATTER** comes before the Court sua sponte.

This is a slip and fall case. Anthony Mancini, Jr. brings suit under the Colorado Premises Liability statute, C.R.S. § 13-21-115, for injuries he suffered when he slipped and fell outside of a Benihana Restaurant in Broomfield, Colorado. His wife, Christina Mancini, asserts a claim against the Defendants for her loss of consortium due to the injuries that Mr. Mancini suffered.[1]

Colorado's premises liability statute "describes the limited circumstances in which a landowner can be held liable for injuries occurring on his real property by reason of the condition of that property, or the activities conducted or circumstances existing on the property." *See Union Pac. R. Co. v. Martin*, 209 P.3d 185, 189-900 (Colo. 2009). It specifies the duties that

---

[1] Because the Mancinis are residents of New Jersey and Mr. Mancini was injured while patronizing the Defendant restaurant in Colorado during a work assignment, the Court assumes that Mrs. Mancini was not physically present on the premises at the time of Mr. Mancini's accident, or indeed, at any other time.

1

landowners and their agents have to trespassers, licensees and invitees. C.R.S. § 13-21-115(3). More importantly, the statute declares that the causes of action identified therein are the only claims that may be brought "by a person who alleges injury occurring while on the real property." C.R.S. § 13-21-115(2). Thus, the statute operates to preclude common-law claims of negligence and other claims by persons injured on another's property. *Vigil v. Franklin*, 103 P.3d 322, 328 (Colo. 2004).

Neither *Vigil* nor any other published case addresses the question of whether the premises liability statute operates to preclude common-law loss of consortium claims by the spouse of a person injured on another's property. If, as the Defendants do, one construes the loss of consortium claim as being a claim "by a person who alleges injury occurring while [their spouse was] on the real property of another," the claim would appear to be subject to the preclusive language of C.R.S. § 13-21-115(2) and thus, precluded by the failure of C.R.S. § 13-21-115(3) to expressly authorize a claim sounding in loss of consortium. On the other hand, if, as the Mancinis argue, the loss of consortium claim is not a claim "by a person who alleges injury while on the real property of another" – because the "person" and/or the "injury" did not occur on the premises – the preclusive language of the statute is arguably not activated and thus, the claim could proceed.

Claims for loss of consortium occupy a murky position in the law. They are derivative in nature, insofar as they "depend entirely on the right of the injury person to recover" and expose the spousal plaintiff to many of the defenses that could be asserted against the substantive plaintiff. *Colorado Compensation Ins. Authority v. Jorgensen*, 992 P.2d 1156, 1164 (Colo. 2000); *Lee v. Colorado Department of Health*, 718 P.2d 221, 232 (Colo. 1986). Construing the loss of consortium claim to align so closely with the underlying substantive claim suggests that

the "injury" visited upon the loss of consortium plaintiff is identical to the injury claimed by the substantive plaintiff, suggesting that C.R.S. § 13-21-115(2) would apply to both claims.  At the same time, Colorado law explains that loss of consortium claims are a;sp "separate from the claims of the injury person" and "a distinct cause of action, giving rise to a separate and individual right to recover damages." *Jorgensen*, 992 P.2d at 1164 n. 6.  Moreover, the injury sought to be redressed by the loss of consortium claim is not necessarily the physical injury sustained on the premises, but rather the loss of "society, companionship and services" that occur thereafter, as well as the "expend[iture of] money in an attempt to minimize and prevent such loss."  *Lee*, 718 P.2d at 232, *citing American Ins. Co. v. Naylor*, 87 P.2d 260, 265 (Colo. 1939).  Thus, a colorable argument could be made that the injuries underlying a loss of consortium claim are distinct from an "injury [to the spouse occurring] while on the real property of another."

The situation is further muddled by the fact that Colorado law treats loss of consortium claims as either derivative or independent depending on the circumstances.  The Colorado Supreme Court acknowledged in *Welch v. George*, 19 P.3d 675, 678 (Colo. 2000) that "loss of consortium claims are treated as independent in some contexts," and derivative in others.  (It also admitted in *Lee* that "neither the derivative nor the independent approach is able to resolve all the conceptual problems that a claim for loss of consortium holds out for [all] areas of the law." *Lee*, 718 P.2d at 232.)  In *Welch*, the court explained that the decision to treat a loss of consortium claim as derivative or independent turned on the "legislative goals in that legal area."  19 P.3d at 678.  In *Welch*, the court concluded that a loss of consortium claim under the No-Fault Act was derivative, such that the loss of consortium plaintiff was required to prove that the medical costs sustained by the injured spouse met the Act's monetary threshold (rather than allowing the spouse to aggregate both the injured spouse's medical costs and his own consortium injuries).  It

justified this conclusion by noting the No-Fault Act's "intent [of] eliminating minor tort claims" and providing redress only to those "who have suffered serious injuries." *Id.*

Here, it is not clear whether the intent of the premises liability statute would be best furthered by treating loss of consortium claims as derivative of the liability claims brought by the physically-injured spouse and thus preempted by C.R.S. § 13-21-115(2), or treating them as independent claims that avoid preemption. The premises liability statute articulates both an intention to secure full compensation to injured invitees and an intention to foster property rights and the availability of insurance. C.R.S. § 13-21-115(1.5)(a), (d). Recognizing a loss of consortium claim might further the former but harm the latter, and preempting such a claim could have the opposite effect. Because the issue implicates important issues of state law and because there is no clear authority to guide this Court in making such a determination, this Court finds it appropriate to certify the question to the Colorado Supreme Court for resolution.

**IT IS THEREFORE ORDERED** that in accordance with Colo.App. R. 21.1(a), this Court certifies following question of law to the Colorado Supreme Court:

> **Under Colorado law, may the spouse of a person asserting a colorable claim for injury in accordance with the Colorado premises liability statute, C.R.S. § 13-21-115, assert a claim for loss of consortium?**

The Clerk of this Court shall forthwith send a copy of this certification order, certified under seal, to the Colorado Supreme Court.

Dated this 10th day of July, 2015.

**BY THE COURT:**

*Marcia S. Krieger*

Marcia S. Krieger
Chief United States District Judge